IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal No. 3:21-cr-0081-DJN |
| | ) |
| TREON JACKSON, | ) |
| | ) |
| Defendant. | ) |

## STATEMENT OF FACTS

The parties stipulate and agree that the allegations set forth in Counts Two and Four of the pending amended Criminal Indictment and the following facts are true and correct and that had the matter gone to trial, the United States would have proven each of them beyond a reasonable doubt. All of the events described herein occurred in the Eastern District of Virginia and within the jurisdiction of this Court.

1. On or about April 13, 2021, the defendant, TREON JACKSON, did possess and brandish a firearm, to wit: a Ruger Pistol, Model SR9c 9mm firearm bearing serial number 333-10960, as set forth in Counts Two and Four of the pending amended Indictment, and he did so in furtherance of two crimes of violence, to wit: two separate carjackings as set forth in Counts One and Three of the amended Indictment.

2. On April 13, 2021, the defendant was residing at 3436 Maury Street, Richmond, Virginia. The car he had been using had run out of gas in the area of 15th and Maury Street, and he wanted to go to Petersburg, Virginia. JACKSON sent a text message approximately five minutes prior to the first carjacking indicating that he was at 15th and Maury Street, and that he

1

was looking for a car. Moments laters, JACKSON approached an individual whose work truck, a Chevrolet Silverado C1500 pickup truck having a VIN ending in 7633, was parked outside of a residence where the victim, R.I. had been working on a HVAC system.

3. Ring Video footage and statements from victim R.I. confirm that JACKSON approached victim R.I. with the Ruger firearm drawn. JACKSON pointed the firearm at the victim while simultaneously ordering the victim to "get out" of the truck. The victim at first refused, but was placed in fear for his life, and complied with JACKSON's demand by getting out of the Silverado. JACKSON then got into victim R.I.'s truck and drove away. R.I. immediately went to the homeowner's residence, told the homeowner what had happened, and the homeowner immediately called 911 to report the carjacking. The homeowner also had a Ring Video system which captured the armed carjacking as well as JACKSON's order to the victim to "get out."

4. JACKSON drove away in the work truck and parked it in the parking lot of a Chipotle restaurant located at 2423 West Hundred Road, Chesterfield, Virginia. JACKSON arrived at this location approximately 30 minutes after the first carjacking. JACKSON parked the stolen work truck next to a Blue Chevrolet Equinox SUV having a VIN ending in 5723. As the second victim, B.N., exited from the Chipotle restaurant and was returning to her Equinox, JACKSON approached her, pointed the Ruger firearm at her, and demanded that she hand him the keys to her vehicle. At first, B.N. refused to turn over the keys, but JACKSON continued to demand the keys and B.N., placed in fear for her life, threw the keys at JACKSON and ran away from her SUV. This second carjacking was witnessed by another individual, who also called 911.

5. Video surveillance from a nearby Valvoline store shows the work truck that JACKSON had carjacked from Richmond drive into the Chipotle parking lot, park, then shortly thereafter, the video captures the second victim's Chevrolet Equinox speeding away from the area.

6. After victim B.N. called 911 and reported the carjacking, Chesterfield County police arrived on scene and learned that the carjacked Equinox was equipped with OnStar. The Equinox had both a GPS tracking system and remote access and disabling capabilities through OnStar. OnStar was able to locate the Equinox in Petersburg, Virginia.

7. Captain Christopher Walker with the Petersburg Bureau of Police received a BOLO for the Equinox and while patrolling in the area observed the vehicle. Captain Walker activated his lights and siren, at which time JACKSON, who was the sole occupant of the Equinox, sped away at a high rate of speed, running through multiple stop lights in the process. As JACKSON approached the ramp to get onto Interstate 95, OnStar confirmed with members of the Petersburg Bureau of Police that they were following the carjacked Equinox. Once confirmed, OnStar disabled the vehicle's ignition in the area of Wythe Street and 95, at the entrance ramp to 95 North.

8. JACKSON was removed from the Equinox by members of the Petersburg Police Department. Investigators found inside the Equinox the keys to the Chevrolet Truck that JACKSON had carjacked in Richmond, Virginia, earlier that day. In addition, two cellular telephones identified as belonging to JACKSON were also recovered from the vehicle, as was the Ruger Pistol Model SR9c, 9mm firearm bearing serial number 333-10960. The firearm had a high-capacity magazine and was loaded with 16 rounds of ammunition with a round in the

3

chamber.

9. FBI Special Agent Jeremy D'Errico obtained both OnStar data coordinates and cell tower records, which showed that the cellular telephones recovered from the Equinox had been in the area of 15th Street and Maury Street, Richmond, Virginia, just prior to the first carjacking. The cellular records show the cellular telephones were in the Chevrolet Silverado truck traveling from Richmond to Chesterfield, where the Equinox SUV was later carjacked. The cellular telephone records and the OnStar records then show the cellular telephones traveling in the Chevrolet Equinox from the area of the second carjacking in Chesterfield to Petersburg, Virginia, with the cell tower records ending at the point where the SUV was disabled and JACKSON was taken into custody. The two cellular telephones that were tracked and recovered from the Chevrolet Equinox were analyzed via Cellebrite. Both of the cellular telephones that were tracked were confirmed as having been used by JACKSON.

10. The parties stipulate and agree that both the Chevrolet Silverado pickup truck with a VIN ending in 7633, and the Chevrolet Equinox SUV with a VIN ending in 5723, as set forth in the pending amended Indictment, were manufactured outside of the Commonwealth of Virginia and therefore had been shipped and transported in interstate or foreign commerce.

11. The parties further stipulate and agree that the Ruger Pistol, Model SR9c, 9mm firearm bearing serial number 333-10960, is a firearm within the meaning of the law in that it is designed to expel a projectile by means of an explosive; that it was fully operable and test fired; and that it was manufactured outside of the Commonwealth of Virginia and therefore had been shipped and transported in interstate or foreign commerce.

12. The defendant, TREON JACKSON committed the offenses set forth in Counts Two and Four of the amended Criminal Indictment, with full knowledge of the circumstances constituting the charged offenses. That is, TREON JACKSON planned the armed carjackings and committed them by force, violence, and intimidation, with the intent to cause death or serious bodily injury.

13. The defendant committed the acts set forth in Counts Two and Four of the pending amended Criminal Indictment knowingly, intentionally, and unlawfully, without legal justification or excuse, and with the specific intent to do that which the law forbids, and not by mistake, accident or any other reason.

I have consulted with my attorney regarding this Statement of Facts. I knowingly and voluntarily agree that each of the above-recited facts is true and correct and that had this matter gone to trial the United States could have proven each one beyond a reasonable doubt.

Date 6-1-2023

Treon Jackson
Defendant

I am counsel for the defendant, Treon Jackson. I have carefully reviewed this Statement of Facts with him and, to my knowledge, his decision to agree to this Statement of Facts is an informed and voluntary decision.

6-1-2023
Date

Nia Vidal, Esq.
Mary Maguire, Esq.
Counsel for Defendant

5

Jessica D. Aber
United States Attorney

By: /s/ Angela Mastandrea-Miller

Angela Mastandrea-Miller
Avishek Panth
Assistant United States Attorneys